BIAJIO SALERNO *vs.* JOHN SHEERN.

JANUARY 17, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is an action of trespass to recover damages for personal injuries alleged to have been caused

by the defendant in the operation of an automobile. The defendant pleaded, first, the general issue; second, that his striking the plaintiff was unavoidable; third, that the plaintiff ran into his automobile while it was standing still; and fourth, that the plaintiff ran out from behind another vehicle proceeding· in the direction opposite to that in which the defendant was driving, and that he ran·into the plaintiff before he could stop his automobile.

The plaintiff filed a replication to each plea and the case proceeded to trial before a jury in the superior court. At the conclusion of the evidence the trial justice directed·a verdict for the defendant on the grounds that there was no evidence of defendant's negligence and that the plaintiff was negligent, but chiefly, as he said himself, on the latter ground. The plaintiff excepted to the direction of a verdict against him, and the case is here on that exception only.

The gist of the plaintiff's action here, although the writ is in trespass, is negligence, as he does not allege that the injuries he received were intentionally·caused by the defendant. "The settled rule in· this state is that where the injury is the effect of force, direct and intentional, the action must be in trespass and not on the case; where the injury is the effect of negligence, though the force be direct or immediate, the plaintiff has an election to sue either in trespass or in trespass on the case." *McKendall* v. *National Wholesale Confectionery Co.*, 50 R. I. 424, 425. ·The form of the action in the instant case is, therefore, not important. The rule of liability is the same under either form where the basis of the action is negligence. *Hawksley* v. *Peace*, 38 R. I. 544.

This being so, the plaintiff in the instant case carried the same burden of proving, by a fair preponderance of the evidence, that he was free from contributory negligence and that the defendant was negligent, as he would have carried if the action were on the case and not in trespass. However, on this motion, it was error for the trial justice to direct a verdict for the defendant, if there was any evidence on which

the jury could have reasonably found for the plaintiff on these elements of his case, or if there was any evidence from which reasonable inferences in proof of such elements could have been drawn in his favor.

On the defendant's motion for a directed verdict, it is the duty of the trial justice not to weigh the evidence but to view it most favorably to the plaintiff and also to draw all reasonable inferences therefrom in his favor. We take it this rule is so well settled that, if the trial justice erred, his error is due to a failure on his part to see in the evidence, even when viewed most favorably for the plaintiff, any reasonable basis on which the jury could return a verdict for the plaintiff.

This necessitates a consideration of the evidence by us in order to determine if such a view is justified. The defendant argues that it is and that the trial justice properly directed a verdict in his favor, as there was no evidence on which the jury could reasonably find that the plaintiff was not negligent and that the defendant was.

The evidence, viewed most favorably to the plaintiff, shows that, while he was walking southerly on a crosswalk across Cranston street at its intersection with Harrison street, in the city of Providence, and when he was within four or five feet of the curb line of the southerly sidewalk of Cranston street, toward which he was walking, he was knocked down by an automobile operated by the defendant. While the defendant contended that the plaintiff did not put in any evidence as to the speed of the defendant's automobile, or any evidence as to the manner in which the defendant operated his automobile as he approached the crosswalk, there is evidence from which the jury could reasonably have inferred that the defendant was not driving his automobile as carefully as he should in approaching the crosswalk where pedestrians were then in the act of crossing Cranston street. Such an inference would be reasonable, especially in view of the fact that there was introduced in

evidence an ordinance of the city of Providence requiring operators of vehicles to watch out for pedestrians on the crosswalk and giving pedestrians the right of way over vehicular traffic on such crosswalks.

There is also evidence showing that the plaintiff had crossed four-fifths of the width of Cranston street at the crosswalk and had almost reached the southerly sidewalk of that street when he was knocked down by the right end of the front bumper on the defendant's automobile. This evidence afforded a reasonable basis for the jury to draw the inference that, if the defendant had had his automobile under control and had kept a lookout for pedestrians on the crosswalk, he would have seen the plaintiff in time to stop before colliding with the plaintiff, and that in not doing so he was guilty of negligence. There was further evidence from the defendant himself that, as he approached Harrison street, it had just stopped raining and that the pouring rain had steamed the glass in his automobile, causing him to slow down. This circumstance, taken together with other testimony of the defendant that he first saw the plaintiff when he, the plaintiff, was half way across Cranston street, afforded ground for a further inference by the jury that the defendant continued to drive his automobile toward the crosswalk when his vision was obscured by the steam on the windows and when he had seen the plaintiff attempting to cross Cranston street on the crosswalk just ahead of him.

These inferences are, of course, predicated upon a view of all the evidence most favorable to the plaintiff. Reasonable men might well differ as to what inferences should be drawn from this evidence, but it is for just this very reason that the trial justice was not warranted in holding that, as a matter of law, there was no evidence of the defendant's negligence to go to the jury. On the whole of the evidence and resolving the conflict therein in favor of the plaintiff, we are of the opinion that there was some such evidence, though not a great deal, and that the trial justice erred in his holding on this ground.

He likewise erred in holding that, on the evidence, the plaintiff was, as a matter of law, guilty of contributory negligence. Ordinarily such negligence is a question of fact to be determined by the jury, unless the evidence is so clear that only one reasonable inference can be drawn therefrom. *United Electric Rys. Co.* v. *Pennsylvania Pet. Products Co.*, 55 R. I. 154; *Clarke* v. *Rhode Island Electric Lighting Co.*, 16 R. I. 463, 465. In the latter case this court well said: "So, when the standard of duty is fixed, or when the negligence is clearly defined and palpable, the court will not leave the case to the jury. But cases of this kind are few, and are generally cases in which the situation is so simple that any person of ordinary prudence would instantly perceive what to do or what to refrain from doing."

What was the situation, in so far as the conduct of the plaintiff is concerned, out of which arose the accident in the instant case? As we are considering this matter on a motion by the defendant to direct a verdict in his favor, the answer to this question must be found largely in the plaintiff's testimony as to what he saw and what he did. He testified that when he arrived at Cranston street he looked up and down the street and saw no machines coming; that he then started to cross on the crosswalk to the opposite side of Cranston street and that he had gotten about four or five feet from the curb on that side when he was knocked down by the defendant's automobile. To some extent, the defendant in his testimony corroborated the plaintiff when he testified: Q. "Did he come in contact with your car, your automobile?" A. "Yes, his right foot touched the very tip end of the bumper. I will have to correct what you said to the jury a minute ago, that he hit the right mudguard. He didn't touch the mudguard at all, but as he was raising his right foot to make another step, it just touched the outside of his right leg, below the knee." Q. "And you say it was the front bumper, on which end, that he ran into?" A. "The right outside bumper." Q.

"On your right hand end, the end nearest the curbing?" A. "Yes."

It must be evident from this testimony that a question of fact arises whether the plaintiff, in attempting to cross Cranston street at the time he did, acted as an ordinary prudent man would act under the circumstances. Moreover, in considering this question of contributory negligence, it is to be borne in mind that there is also a controversy here as to some of the underlying facts. The defendant testified that his car was standing still when the plaintiff walked hurriedly into it in a diagonal direction and slightly to the west of the crosswalk, this being the direction whence the defendant's car was coming. The plaintiff, on the other hand, testified that he walked directly across Cranston street on the crosswalk and that the defendant's automobile ran into him and knocked him down when he was almost completely across the street, about four or five feet from the curb. There was also evidence that the defendant told a police officer after the accident that the right front end of the bumper on his automobile struck the plaintiff and knocked him down. It is not possible, on such evidence, to say what was the situation in which the plaintiff found himself at the time he attempted to cross Cranston street and hence it is impossible to say, as a matter of law, that he was negligent in doing so. Rather, we are of the opinion that all of the evidence raised issues of fact for the jury to decide before it could be fairly determined whether the plaintiff was negligent.

For the reasons stated, the plaintiff's exception to the direction of a verdict for the defendant is sustained, and the case is remitted to the superior court for a new trial.

*Fergus J. McOsker,* for plaintiff.

*Frederick A. Jones,* for defendant.